**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DOVELL B. BATTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-CV-131-TCK-PJC |
| ) | |
| MARTY SIRMONS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2003-36. Respondent filed a response to the petition (Dkt. # 9), and has provided the state court records necessary for adjudication of Petitioner's claims (Dkt. # 10). Petitioner filed a reply (Dkt. # 11). For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

In the early morning hours of January 2, 2003, Tulsa Police officers Glenn Emery and Dean Montgomery were dispatched to a commercial building located near the intersection of Pine and Lewis in Tulsa, Oklahoma, because an alarm had been tripped at that building. Upon arrival, the officers first observed that a padlock on the rear entry gate had been cut and a roll-up overhead garage door on the rear of the building was partially open. The police officers then observed Petitioner and his co-defendant James Henry Martin coming out of the building through the partially open garage door. The officers instructed Mr. Battle and Mr. Martin to stop, but they both attempted to flee. A short chase ensued before both men were apprehended.

As a result of those events, Petitioner was charged in Tulsa County District Court Case No.

CF-2003-36 with Second Degree Burglary, after former conviction of two or more felonies (Count I), and Obstructing an Officer, a misdemeanor (Count II). Petitioner was tried jointly with his co-defendant, James Henry Martin. He was convicted by a jury and sentenced to thirty (30) years imprisonment on Count I and one (1) year on Count II, to be served concurrently. He was represented at trial by attorney Julia Allen, from the Tulsa County Public Defenders Office.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Stephen Greubel, Petitioner raised four (4) propositions of error on direct appeal, as follows:

| | |
|---|---|
| Proposition I: | The jury was advised of the nature and length of sentences imposed for each of Appellant Battle's prior convictions, thereby prejudicing the jury's sentencing decision and permitting the jury to speculate as to parole eligibility. |
| Proposition II: | Juror misconduct requires remand for evidentiary hearing. |
| Proposition III: | The evidence was insufficient to convict on second degree burglary. |
| Proposition IV: | Trial counsel's ineffective assistance deprived Appellant Battle of his Sixth Amendment right. |

See Dkt. # 10, Ex. 1. In an unpublished summary opinion, filed June 29, 2004, in Case No. F-2003-603, the OCCA rejected each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 10, Ex. 4). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court. He did not seek post-conviction relief in the state courts.

Petitioner now seeks federal habeas corpus relief. In his petition filed on March 9, 2005, Petitioner raises three (3) grounds of error as follows:

| | |
|---|---|
| Ground 1: | The trial court erred in refusing to redact the length of the sentences imposed as such improperly placed information regarding pardon and parole before |

>   the jury.
>
> Ground 2:   The evidence presented at trial was not sufficient to support, beyond a reasonable doubt, petitioner's conviction for the crime of Burglary II.
>
> Ground 3:   Petitioner was denied the effective assistance of counsel at trial.

See Dkt. # 1. In response to the Petition, Respondent asserts that Petitioner's claims are either procedurally barred, not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 9.

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case as to all claims except a portion of ground one.[1] However, rather than require Petitioner to return to state court to exhaust the portion of the ground one claim not presented to the state courts, the Court finds that, for the reasons discussed below, habeas corpus relief on the unexhausted portion of the claim should be denied. 28 U.S.C. § 2254(b)(2).

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.   Claims adjudicated by the OCCA**

---

[1] The Court disagrees with Respondent's assertion that a portion of Petitioner's ground three claim is unexhausted. The Court has determined that Petitioner's statement, "There was no corroboration that the confession was even made" is simply further argument to support his claim regarding trial counsel's failure to accept a hearing on the voluntariness of his confession. It is not a separate claim of ineffective assistance of counsel.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, Petitioner presented part of ground one, grounds two and three on direct appeal where they were adjudicated by the OCCA. Therefore, insofar as those claims are cognizable on habeas corpus review, the § 2254(d) standard applies to this Court's analysis.

### *1. Refusal to order redaction (ground 1)*

In his first ground for relief, Petitioner claims that the trial court erred in refusing to order that the length of his sentences be redacted from photocopies of prior judgments and sentences before being presented to the jury. The claim was rejected by the OCCA on direct appeal. Relying entirely on state law, the OCCA found:

> As to Appellant's first proposition, we find that the trial court did not err in refusing to redact from his prior Judgments and Sentences the nature of the crimes of which he had been convicted. *Cooper v. State*, 810 P.2d 1303, 1306 (Okl. Cr. 1991). The court did, however, err in refusing to redact the length of the sentences imposed as such improperly placed information regarding pardon and parole before the jury. *Cooper v. State*, 806 P.2d 1136, 1139 (Okl. Cr. 1991). However, this error does not require relief as it was harmless beyond a reasonable doubt in light of the fact that despite the strong evidence of Appellant's guilt and his four prior convictions the jury sentenced him to far less that the maximum possible sentence of life imprisonment.

See Dkt. # 10, Ex. 4 at 2. Both of the Cooper cases cited in the OCCA's ruling concern Oklahoma's requirements for proving former convictions and when that information may be considered by a jury.

Respondent asserts that the claim presented in Petitioner's ground one is not cognizable on habeas corpus review because it involves a matter of state law. The Court agrees with Respondent that Petitioner's challenge to the evidentiary ruling that certain information did not need to be redacted from prior judgments before being presented to the jury concerns a matter of state law. A federal habeas court has no authority to review a state court's interpretation or application of its own state laws. Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. Accordingly, Petitioner's ground one claim challenging the trial court's evidentiary ruling is not cognizable in this federal habeas corpus proceeding and should be denied on that basis.

Petitioner contends, however, that this claim is grounded in due process principles (Dkt. # 1 at 4) and Sixth Amendment rights (Dkt. # 11 at 3). A careful reading of Petitioner's brief on direct appeal, however, reveals that no federal constitutional issues on this claim were presented to the OCCA for consideration. See Dkt. # 10, Ex. 1 at 9-13. Thus, any federal constitutional arguments

to be found in ground one are unexhausted. Although the Court could require Petitioner to return to state court to raise the constitutional issues identified in ground one in a post-conviction application, the Court finds the claim should be denied because the constitutional issues are without merit. See 28 U.S.C. § 2254(b)(2).

Habeas relief is not available for a challenge to state court evidentiary rulings unless the rulings "rendered the trial so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002). Petitioner presents no evidence that the admission of the un-redacted documents rendered his trial fundamentally unfair. Petitioner was sentenced to far below the maximum sentence allowed under state law in spite of the un-redacted information given to the jury. To the extent Petitioner complains that he was denied an impartial jury due to the taint of being given too much information about his prior convictions, the Court again finds he is not entitled to habeas corpus relief. The Sixth Amendment and principals of due process guarantee a criminal defendant the right to trial by an impartial jury. See Ristaino v. Ross, 424 U.S. 589, 595 n. 6 (1976) (citations omitted); United States v. Chanthadara, 230 F.3d 1237, 1270 (10th Cir. 2000). However, Petitioner has not demonstrated a violation of his Sixth Amendment right to an impartial jury, and only speculates that the additional information provided to the jury resulted in impartiality. Petitioner's constitutional claims lack merit and shall be denied, notwithstanding his failure to exhaust. 28 U.S.C. § 2254(b)(2).

### *2. Insufficient evidence to support burglary conviction (ground 2)*

In his second ground for relief, Petitioner argues that the state did not present sufficient evidence to establish Petitioner's guilt of second degree burglary beyond a reasonable doubt. Specifically, he contends that the state's evidence did not establish the elements of "breaking and

entering with the intent to steal." Citing Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985), the OCCA rejected Petitioner's claim of insufficient evidence on direct appeal. See Dkt. # 10, Ex. 4 at 3. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 9 at 6).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," Id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented

at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. The elements of second degree burglary in Oklahoma are: (1) breaking; (2) entering; (3) a building; (4) in which property is kept; (5) with the intent to steal or commit any felony. See Okla. Stat. tit. 21, §1435. Petitioner argues that neither he nor his co-defendant were found in possession of any tools or property, and they had authorization to be on the premises. See Dkt. # 1 at 6. He also claims that the state's case was unsupported because they did not produce any fingerprint or DNA evidence, nor did they have any police video tape from a police cruiser. Contrary to Petitioner's belief, the absence of this type of evidence does not necessarily lead to the conclusion that the state failed to prove its case beyond a reasonable doubt.

Evidence was presented at trial that Petitioner and his co-defendant were seen exiting a broken roll-up type overhead door in a commercial building shortly after midnight. See Dkt. # 10, Ex. 6 at 50. After being called to the scene when an alarm was triggered, the police observed the two men exiting the building. Id. at 44. The building was in an area enclosed by a padlocked gate, but the police found that the padlock had been cut. Id. at 46. Petitioner was apprehended as he attempted to flee the scene. Id. at 53-55. Based on that evidence, there is little room for debate that the prosecution presented sufficient evidence to satisfy the elements of "breaking and entering." The state's evidence of Petitioner's "intent to steal" focused partially on the fact that Petitioner had gained entry to the building by cutting the lock on the outside gate and forcing the roll-up overhead

door open to gain access to the building. Further, the owner of the business on the property, David Crow, testified that some computers and smaller hand equipment (a welder and an air compressor) had been moved from their normal storage locations in the building and placed near the overhead door. Dkt. # 10, Ex. 7 at 30. This evidence, and any reasonable inferences that might be drawn from it, was sufficient to convince a rational juror beyond a reasonable doubt that Petitioner had the requisite intent to steal. Based on Oklahoma law and the cited evidence, the Court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt of second degree burglary.

The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), nor was it an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas relief on this claim.

### *3. Ineffective assistance of trial counsel (ground 3)*

Petitioner presents two claims of ineffective assistance of counsel in ground three. First, he asserts that his counsel was ineffective for failing to accept the trial court's offer of a Jackson v. Denno[2] hearing to determine the voluntariness of his "purported confession." Second, he claims his trial counsel refused to allow him to testify in his own defense at trial. The OCCA rejected both of these issues, finding that the record did not show "that counsel's alleged deficient performance prejudiced his right to a fair trial with a reliable result." See Dkt. # 10, Ex. 4 at 3.

---

[2] Jackson v. Denno, 378 U.S. 368 (1964).

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of the claims was an unreasonable application of Supreme Court precedent. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Failure to establish either prong of the Strickland standard will result in denial of relief. Strickland, 466 U.S. at 697.

*Failure to Agree to a Denno Hearing*

Defendant first asserts that trial counsel was ineffective in failing to accept the trial court's

offer of a hearing under Jackson v. Denno, 378 U.S. 368 (1964),[3] to determine whether his statement of apology was voluntary. During Petitioner's trial, David Crow, the owner of the business broken into by Petitioner, testified as a witness for the State that he heard Petitioner say, "I know it doesn't mean anything, but I'm sorry." See Dkt. # 10, Ex. 7 at 31. Although defense counsel objected to the admission of this statement, the trial court overruled the objection. Id. After trial, at the sentencing hearing and in response to the filing of a motion for new trial filed by Petitioner's counsel, the trial judge stated:

> And I have received today -- maybe yesterday, I received motion for new trial that was filed, I believe, yesterday, which alleges that the defendants need new trial, were denied a fair trial, in that this Court did not conduct a Jackson/Denno hearing prior to allowing the jury to hear testimony from the owner of the building that one of the defendants had said in his presence, "I apologize," to him.
>
> And in thinking about that, the Court did deny defendant an opportunity to have a hearing outside the presence of the jury. I think I made a record later on that I did not believe there was any indication that -- that this was a custodial interrogation, that there was custodial interrogation that was going on, and that it was irrelevant, whether the Miranda warnings were administered or not. It appeared to be a voluntary statement, from the foundation that was laid before the jury heard that.
> . . . . .
> So, I suppose my suggestion is going to be today, that rather than sentence the defendants, that I require the State to produce whatever witnesses are necessary to demonstrate that that statement, when the statement was given, whether, in fact, it was given before or after Miranda, was made -- what the circumstances are, in effect having a Jackson/Denno hearing postmortem, Jackson/Denno hearing for the purpose of supplementing that record. The State want to do this?

See Dkt. # 10, Ex. 8 at 2-3. The prosecutor responded that she did not think there was an issue

---

[3]In Denno, the United States Supreme Court found unconstitutional a New York procedure which required the jury to determine whether a confession was voluntary at the same time it determined defendant's guilt or innocence. In so doing, the Supreme Court found that where voluntariness of a confession is questioned, defendant has a constitutional right "to object to the use of the confession and to have a fair hearing and a reliable determination on the issue of voluntariness." Id. at 376.

11

because it was clear that the defendant was not being questioned in any way by police. Id. at 4. The trial judge then asked defense counsel what she wanted to do. She responded as follows:

> Well, I would just only ask Your Honor to rule on the motion for new trial. If it's denied, then certainly they're going to have some issues that they'll want to take up on appeal, and they'll be sentenced. If it is sustained, based on the things set forth in the motion on its face, then we'll set a new trial date. It would be -- I don't think it would be appropriate for me to suggest that we have a Jackson/Denno hearing now, and so I would object to a -- postmortem Jackson/Denno hearing.

Id. at 5.

On direct appeal, the OCCA, citing Strickland, rejected the ineffective assistance of counsel claim without a detailed explanation of its reasoning other than to state that any alleged deficient performance did not prejudice Petitioner's right to a fair trial. See Dkt. # 10, Ex. 4 at 3.

The Court finds that the OCCA applied the correct standard under federal law. In addition, the Court agrees that under the prejudice prong of Strickland, defense counsel's failure to accept the trial court's offer of a Denno hearing did not result in prejudice to Petitioner. Petitioner has cited no evidence that his statement was involuntary, so it is unlikely that a "postmortem" Denno hearing would have resulted in a new trial and changed the outcome of the proceedings. Petitioner is not entitled to relief on this ground.

*Refusal to allow Petitioner to testify*

Petitioner next claims that his counsel provided constitutionally ineffective assistance because she would not allow Petitioner to testify. As indicated above, the OCCA rejected this claim on direct appeal, finding that any alleged deficient performance did not prejudice Petitioner's right to a fair trial. See Dkt. # 10, Ex. 4 at 3.

The decision to testify or not belongs to the defendant, though counsel can and should advise him of the implications of his choice. See Jones v. Barnes, 463 U.S. 745, 751 (1983); Cannon v.

12

Mullin, 383 F.3d 1152, 1171 (10th Cir. 2004). Petitioner is correct in arguing that his counsel does not have the authority to prevent him from testifying in his own defense, "even when doing so is suicidal trial strategy." Cannon, 383 F.3d at 751. Assuming Petitioner's claim is true, he satisfies the first prong of the Strickland ineffectiveness test. Strickland, 466 U.S. at 694-95. The Court agrees with the OCCA, however, that Petitioner has failed to establish that the deficient performance prejudiced his defense. Id. at 687. Given the strong evidence of Petitioner's guilt presented through the testimony of two police officers and Mr. Crow, there is no indication the outcome of his trial would have been different had Petitioner testified that "he believed he had permission to be on the premises and that the officers had lied." See Dkt. # 1 at 7. Petitioner has not met his burden to show that OCCA's denial of relief on the ineffective assistance of counsel claims was an unreasonable application of Supreme Court law. He is not entitled to relief on his claims of ineffective assistance of counsel.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate Judgment shall be entered in this case.

DATED this 22nd day of July, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE